## BUSCH v WITT

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5634.   Decided Aug. 28, 1939

Oliver G. Bailey, Cincinnati, for appellee.

Ed. Strasser, Cincinnati, for appellant.

## OPINION

By HAMILTON, PJ.

Plaintiff brought suit in this action for attorney's fees, which he claimed to be due him from the defendant.

Plaintiff alleges, in substance, that about February 1st, 1931, he was retained by defendant to perform legal services in connection with her holdings in the Harrison Dog Track; that he rendered such services, and that the services were concluded on or about July 1st, 1932. He alleges the reasonable value of the services to be $1500, and asks judgment for that amount with interest.

The defendant in her answer set up a written contract with the plaintiff, concerning payment for all legal services in connection with the Dog Track, and that said employment was under the terms of said contract, a copy of which is set forth in the answer. She denied generally all other allegations except employment under the written contract, which is as follows:

"AGREEMENT.
Cincinnati, Ohio,
January    , 1931.

I, the undersigned, Mrs. Elsie Whipple, do hereby appoint and authorize H. C. Busch to act as my attorney in all matters connected with my interests in the Harrison Kennel Club, Ltd., its successors and assigns, and do hereby agree to pay the said H. C. Busch for such services a sum equal to fifteen (15%) percent of all moneys received by me through the said Harrison Kennel Club, Ltd., its successors and assigns, or the new company to take its place for which no name has as yet been selected, in the way of dividends or any other disbursements on capital made to shareholders. This contract

to remain in full force and effect for a period of five (5) years, and shall apply to any money above named received by me after the five (5) year period if the same was actually earned by the Company before the end of said period.

WITNESS my hand this    day of January, 1931.

ELSIE C. WHIPPLE.

Accepted.

H. C. BUSCH."

At the trial, much was said and done which would tend to vary the terms of the written contract and otherwise had no place in determining the one issue in the case, which was the force and effect of the contract as bearing on the payment for the legal services rendered in connection with the Dog Track.

Plaintiff, the attorney for defendant at the time, drew up the contract and admits the execution thereof. It provides plaintiff should act as defendant's attorney in all matters connected with her interests in the Harrison Kennel Club (the dog track), and she agreed to pay him for such services a sum equal to 15% of all moneys received by her through the said Kennel Club. The contract was to remain in force for a period of five years.

It is admitted that at no time during the five year period did defendant receive any money from the Kennel Club, and, therefore, under the contract, she owed plaintiff nothing. About eighteen months after executing the contract, plaintiff repudiated it and refused to further act as her attorney.

Striped of all irrelevant and objectionable matter, the case amounts to this: That plaintiff had a written contract for legal services on a contingent basis. The contingency upon which he was entitled to fees did not arise, and there remains no basis for a recovery in this action.

The trial court should have granted the motion for a directed verdict.

The judgment is reversed, and final judgment may be entered here for the appellant.

MATTHEWS, J., concurs.

ROSS, J., dissents.